IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RICARDO DAUGHTRY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | NO. 5:21-CV-00298-MTT-CHW |
| | : | |
| **JACKSON STATE PRISON,** | : | |
| **Defendant.** | : | |

## ORDER

*Pro se* Plaintiff Ricardo Daughtry, an inmate most recently confined in the Georgia State Prison in Reidsville, Georgia, has filed a document that has been construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On October 18, 2021, Plaintiff was ordered to recast his Complaint on the Court's standard form and to submit a proper and complete motion for leave to proceed *in forma pauperis* if he wished to proceed with his claims. Plaintiff was given twenty-one (21) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Complaint. *See generally* Order, Oct. 18, 2021, ECF No. 5.

The time for compliance passed without a response from Plaintiff. As such, Plaintiff was ordered to respond and show cause why his lawsuit should not be dismissed for failing to comply with the Court's orders and instructions. Plaintiff was given fourteen (14) days to comply, and he was again advised that the failure to timely and fully comply with the

Court's orders and instructions could result in the dismissal of this action. *See generally* Order, Dec. 7, 2021, ECF No. 6.

The time for compliance has again passed without a response from Plaintiff. Because Plaintiff has failed to comply with the Court's orders and instructions and otherwise failed to diligently prosecute his claims, this action is **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

**SO ORDERED**, this 7th day of January, 2022

S/ Marc T. Treadwell  
MARC T. TREADWELL, CHIEF JUDGE  
UNITED STATES DISTRICT COURT

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.